## CLEVELAND RY CO v BLAUFARD

Ohio Appeals, 8th Dist., Cuyahoga Co

No. 10198. Decided November 4, 1929

Messrs. Squire. Sanders & Dempsey, Cleveland, for Ry Co.

Mr. Albert Amram, Esq., Cleveland, for Blaufard.

VICKERY, P. J.

It is admitted by counsel for the Railway Company that there was evidence in this case to show,—that is, that there was a conflict of evidence in showing—where the street car was; that it was somewhere around seventy to one hundred and fifty feet away when these two automobiles got entangled upon the track; and the claim of the plaintiff below was that had the Railway Company exercised ordinary care after the plaintiff and his car were in a position of danger, even though the Railroad Company was in no wise responsible for putting the automobile in a place of danger, yet it raised the question of the doctrine of last clear chance; that the Railroad Company had plenty of time in which to stop its car and did not stop it; and the damage to the automobile and the driver thereof were a result of the negligence on the part of the Railroad Company.

It was claimed by the Railroad Company that there was nothing in this record to show but what the damages had been done to both the plaintiff and his automobile before the Street Car Company came in contact with the automobile; that is, the collision between the Buick and the Whippet may have caused the damage.

We think an examination of the record will show that both cars were standing upright and their fenders were simply locked together and no damage to speak of was done either to the plaintiff or to his car in the collision.

Then there is another thing: The damage to the Whippet car was upon its right side and there was no damage to the left side of the car and it is the right side of the car that came in contact with the street railway car. This bears out the contention of the plaintiff. Of course, the only way the Railway Company would be responsible at all would be upon the doctrine of last clear chance, and it is frankly admitted by the plaintiff in error that

there is evidence in the record upon that question and that he could not conscientiously claim that the judgment of the court was contrary to the weight of the evidence; but the whole theory of his lawsuit was planned upon the fact that there was no evidence but what the automobile and the plaintiff in it were injured by the first collision and not by the street car, but we think the record will disprove this contention.

There does not seem to be much dispute about the amount recovered. At best it is but a small sum and, I believe, the property damage and medical care amounted to $235.00 and the balance of the $500.00 was for personal injuries. We think there was evidence in this record to bear out the judgment of the court and it is not claimed, nor could we hold, that it is so manifestly against the weight of the evidence that we would be warranted in disturbing it.

Sullivan and Levine, JJ, concur.